# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| THOMAS JOSEPH CULOTTA, II | CIVIL ACTION NO. 17-0093 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LAFAYETTE PARISH CONSOLIDATED GOVERNMENT and LAFAYETTE PARISH SHERIFF'S OFFICE | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court are two unopposed Motions for Summary Judgment (Record Documents 50 and 52) filed on behalf of Defendants the Lafayette City-Parish Consolidated Government ("LCG") and the Lafayette Parish Sheriff's Office ("LPSO"), through its Sheriff, Mark A. Garber, in his individual and official capacity, and LPSO Officers yet to be named, in their individual and official capacities (hereinafter collectively referred to as "the Defendants").[1] The Defendants seek dismissal of the claims of Plaintiff Thomas Joseph Culotta, II ("Culotta") on the ground of judicial estoppel. See id. For the reasons which follow, the Motions for Summary Judgment are **GRANTED** based on the doctrine of judicial estoppel without prejudice to the rights of a Chapter 7 trustee to pursue the claims if Culotta's bankruptcy case is reopened and converted to a Chapter 7 liquidation within a reasonable period of time.

---

[1] The LPSO Defendants "adopt[], assert[] and re-aver[], as if copied *in extenso*, herein the Motion for Summary Judgment filed herein on behalf of the Lafayette City-Parish Consolidated Government on April 27, 2018." Record Document 52.

## BACKGROUND

Culotta filed this action on January 20, 2017, asserting claims under 42 U.S.C. § 1983 for violations of, inter alia, the Fourth Amendment (based upon his allegedly unlawful arrest and detention) and the Fourteenth Amendment (based upon his conditions of confinement while detained) arising from an incident that occurred on January 21, 2016.[2] See Record Document 50-3 at ¶8. He alleges that he was physically injured as a result of a forcible arrest, that his reputation has been damaged, and that he has lost business and business opportunities because he was falsely arrested.

Culotta filed for Chapter 13 bankruptcy on August 30, 2016. See id. at ¶5. His original Chapter 13 plan was confirmed on February 13, 2017, and on May 23, 2017, the Bankruptcy Court issued a final decree in the case, discharging Culotta's debts. See id. at ¶¶9-11. Culotta never disclosed the existence of this lawsuit to the Bankruptcy Court. See id. at ¶12. As part of his initial bankruptcy filing, he completed Official Form 1065 and responded in the negative to an inquiry of whether he had "any claims against third parties, whether or not you have filed a lawsuit or made a demand for payment. Examples: accidents, employment disputes, insurance claims or rights to sue." Id. at ¶¶ 6-7. At no time between the initial bankruptcy petition and the final decree did Culotta amend, modify or supplement his bankruptcy filings or schedules to inform the Bankruptcy Court or his creditors of his claims. See id. at ¶12.

---

[2]Culotta also asserts claims under Louisiana state law.

**ANALYSIS**

**I.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).[3]  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553 (internal quotations omitted).  If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there

---

[3]The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue."  This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard.  See F.R.C.P. 56(a) and advisory committee's note.

is a genuine [dispute] for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).  Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff.  See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007).  In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."  Local Rule 56.2.

In the present matter, Culotta has not filed an opposition to the Defendants' Motions for Summary Judgment.  On April 27 and May 1 of 2018, this Court issued two separate "Notice Of Motion Setting" documents (Record Documents 51 and 53) giving Culotta fourteen calendar days to file an opposition.  To date, no opposition has been filed.  Thus, all of the material facts set forth by the Defendants have not been controverted and are hereby deemed admitted.[4]  See Record Document 50-3.

---

[4]Thus, much of the background section of the instant Memorandum Ruling is drawn from Defendants' Statement of Undisputed Material Facts.

## II. Judicial Estoppel.

Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. See Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir.1988). The equitable doctrine serves "to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999) (internal quotation marks, parentheses, and citation omitted). Detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary, as judicial estoppel is meant to protect the judicial system, not the litigants. See id.

"Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." In re Flugence, 738 F.3d 126, 129 (5th Cir. 2013). "The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). Specifically, "Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action." Flugence, 738 F.3d at 129.

## III. Analysis Of The Elements.

The threshold question here is whether judicial estoppel bars Culotta from pursuing his claims in this Court. The Court will now consider the elements of judicial estoppel.

### a. The Party Against Whom It Is Sought Has Asserted A Legal Position That Is Plainly Inconsistent With A Prior Position.

It is uncontested that Culotta did not list this lawsuit as an asset in his bankruptcy

proceeding, nor did he, at any point, amend his bankruptcy filings to include his current claims. His position in the bankruptcy court and in the instant litigation are clearly inconsistent. "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including *contingent and unliquidated claims*. The duty to disclose is continuous." In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004), citing Coastal Plains, 179 F.3d at 207-208 (emphasis in original). A Chapter 13 debtor has a continuing obligation to disclose claims that arise, or assets that are acquired, after the commencement of the bankruptcy case. See 11 U.S.C. §§ 1306(a)(1) and 521(a)(1). Therefore, Culotta was under a continuing duty from and after the date his claims arose to promptly disclose the existence of his claims to the Bankruptcy Court and his creditors. See Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 384-385 (5th Cir. 2008), citing 11 U.S.C. § 521(a)(1); Coastal Plains, 179 F.3d at 207-208. Thus, under Coastal Plains, Culotta's omission of his instant claims from his mandatory bankruptcy filings is tantamount to a representation that no such claim existed. See Coastal Plains, 179 F.3d at 210. In the instant matter, Culotta contends that his lawsuit is viable and worth over $75,000. Such inconsistency readily satisfies the first prong of the judicial estoppel inquiry. See Superior Crewboats, 374 F.3d at 335.

      b.    **A Court Accepted The Prior Position.**

The Bankruptcy Court confirmed Culotta's Chapter 13 plan on the assumption that the schedules were accurate and that Culotta had truthfully disclosed all of his assets. See Flugence, 738 F.3d at 130 ("Moreover, the bankruptcy court accepted the prior position by omitting any reference to the personal-injury claim in the modified plan."); Abreu v. Zale Corp., No. 3:12-CV-2620-D, 2013 WL 1949845, at *3 (N.D. Tex. May 13, 2013) ("Courts

have consistently held that a bankruptcy court accepts a debtor's position when it relies on her asset schedules and confirms her bankruptcy plan. This reliance need not be explicit; the court assumes reliance on the debtor's schedules when the bankruptcy court confirms the debtor's plan."). The undisputed record clearly establishes that the Bankruptcy Court relied on Culotta's nondisclosure during the pendency of the case and accepted the failure to disclose to the detriment of creditors. Thus, the Court finds that the second element for judicial estoppel is satisfied.

### c. The Party Did Not Act Inadvertently.

"[A] debtor's failure to satisfy [his] statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Superior Crewboats, 374 F.3d at 335, citing Coastal Plains, 179 F.3d at 210 (internal quotations and emphasis omitted). Neither consideration exculpates Culotta in this instance, nor has he even attempted to argue such. Clearly, Culotta had knowledge of his claims because he filed the instant lawsuit while his bankruptcy case was still pending. See Lejeune v. Turner Indus. Grp., LLC, No. CIV.A. 11-1238, 2012 WL 1118631, at *4 (E.D. La. Apr. 3, 2012) *aff'd sub nom.*, Parker v. Turner Indus. Grp., L.L.C., 492 F. App'x 475 (5th Cir. 2012) ("Thus, a plaintiff is duty-bound to disclose a claim any time that he is aware of the facts giving rise to a potential cause of action, irrespective of his knowledge of the law."). Moreover, as to motivation, it is well settled in the Fifth Circuit that "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." Love v. Tyson Foods, Inc., 677 F.3d 258, 262 (5th Cir. 2012) (quotations and citation omitted); see also Flugence, 738

F.3d at 131 ("Flugence knew of the facts underlying her personal-injury claim. The bankruptcy court also found that she had motive to conceal, because her claim, if disclosed, would be available to the creditors. That she did not know that bankruptcy law required disclosure–even if true– is, according to our precedents, irrelevant."). Therefore, the Court finds that the third element of judicial estoppel has clearly been met.

## CONCLUSION

Based on the foregoing analysis, the Defendants' Motions for Summary Judgment (Record Document 50 and 52) are **GRANTED** and Culotta's claims are **DISMISSED** on the ground of judicial estoppel. Such dismissal is **WITHOUT PREJUDICE**, as the district court may reopen the present case and substitute a Chapter 7 trustee for Culotta if the trustee decides to pursue the claim within a reasonable period of time. See Reed v. City of Arlington, 650 F.3d 571, 579 (5th Cir. 2011) ("Absent unusual circumstances, an innocent bankruptcy trustee may pursue for the benefit of creditors a judgment or cause of action that the debtor–having concealed that asset during bankruptcy–is himself estopped from pursuing."); Allen v. C & H Distributors, L.L.C., 813 F.3d 566 (5th Cir. 2015).

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of July, 2018.

/s/ Maurice Hicks
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT